FRANCIS DAVY *et al.*, Plaintiffs in Error, v. AURORA BOMPART *et al.*, Defendants in Error.

The evidence in the record does not show such error in the verdict as to authorize the court to interfere.

*Appeal from St. Louis Land Court.*

*Morehead*, for plaintiffs in error.

*Glover* and *Shepley*, for defendants in error.

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment for the possession of part of a tract of land in the former common field of the Prairie des Noyers, near the city of St. Louis.

The plaintiffs gave evidence of a confirmation by the act of Congress of 29th April, 1816, to Belestre's representatives, and of their being the heirs and representatives of Belestre.

The defendants claimed to be the representatives of Pierre Duchouquette, and gave evidence tending to prove a confirmation to Pierre Duchouquette by the act of Congress of 13th June, 1812. Some evidence was given that Belestre had cultivated the land prior to 1803, and also that Duchouquette succeeded him in the cultivation of the land, and also some evidence was given to show that Duchouquette claimed to hold by purchase under Belestre, and also some evidence to show that the lot cultivated by Duchouquette was a different one from that cultivated by Belestre.

The court, at the instance of the plaintiff, gave to the jury this instruction :

The court instructs the jury, if they find from the evidence that the land described in the petition was conceded by the Spanish Government to Pierre Belestre, and was surveyed for him by the Spanish authorities, and that he died about the year 1801, in the city of St. Louis, leaving no lawful issue, and that he had cultivated and possessed the same prior to, and was the rightful owner thereof at the time of his death, and that said land was confirmed to his representatives by the act of Congress of the 29th April, 1816, and was surveyed to them by the United States authorities, and said survey duly approved, and that the plaintiffs are lawful heirs of said Pierre Belestre, they must find their verdict in favor of the plaintiffs according to their respective rights and interests in said land as such heirs, unless they further believe from the evidence that the same land was cultivated or possessed by Pierre Duchouquette, after the death of said Pierre Belestre,

and prior to the 20th December, 1803, under a rightful claim.

The court, at the instance of the defendant, gave to the jury two instructions :

If the jury believe from the evidence that Pierre Duchouquette cultivated and possessed, prior to the 20th day of December, 1803, a lot of two arpens in front by forty in depth, by himself or his agents, claiming to own the same ; that the lot in controversy is included within said lot of two by forty arpens ; that said lot of two by forty arpens was one of a range of lots adjoining and a dependency of the town of St. Louis ; that said Duchouquette was an inhabitant of said town of St. Louis at the time of said cultivation and down to said 20th day of December, 1803, and that said Pierre Duchouquette was the last cultivator of said lot, they will find for the defendants.

Verdict and judgment were given for defendants.

There is no error in any of these instructions, and, in fact, the argument here made is that the jury made a mistake and applied to the lot in dispute, testimony given as to the possession of another and different lot. That may be so ; but the record does not show it so clearly as to authorize this court to interfere with the verdict.

Judgment affirmed. Judges Bay and Dryden concur.